# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| QIMONDA NORTH AMERICA CORP. AND QIMONDA, RICHMOND, LLC | ) ) ) | |
| | ) | Case No. 09-10589 (MFW) |
| Debtor, | ) ) | |
| CHERYL MAXEY, LAWRENCE D. MEYER, JACOB EVANS, CLAUDE EDMONDS, Individually and as Class Representatives, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| vs. | ) | Adversary Proceeding No. 09-_____ |
| | ) | |
| QIMONDA NORTH AMERICA CORP. QIMONDA, RICHMOND, LLC, AND QIMONDA SEVERANCE PLAN, | ) ) ) ) | |
| Defendants. | ) | |

## ADVERSARY CLASS ACTION COMPLAINT

Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, and Claude Edmonds ("Plaintiffs"), individually and as class representatives for all similarly situated[1] former employees of Debtor/Defendants, by and through their undersigned counsel, bring this Complaint and allege as follows:

## NATURE OF ACTION

1. Plaintiffs Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, and Claude Edmonds, and all other similarly situated members of the class they seek to represent, were employees of

---

[1] The undersigned counsel has presently been directly retained by over 200 former employees of Defendants and have received inquiries from dozens more who we expect to engage undersigned counsel. These names can be provided at the Court's request.

PHIL1 829730-1

Debtor/Defendant Qimonda Richmond, LLC and Qimonda North American, Corp. ("Qimonda"), who were terminated without cause as part of, or as a result of, layoffs by and at one of Defendants' facilities in Henrico County, Virginia (the "Virginia Facility"). The Plaintiffs were provided with written separation agreements under the Qimonda severance plan, pursuant to which they were to receive severance in a single lump sum payment equal to four weeks of their base salary, plus one week of base salary for every year of service, as well as payment for their insurance premiums under the Qimonda medical benefit plans for a period of three (3) months following their termination of employment (with coverage to continue under the Consolidated Omnibus Budget Reconciliation Act ("COBRA")), in exchange for a waiver of claims. Each of the Plaintiffs duly executed the separation agreements with Qimonda, and Defendants have now breached the terms of the separation agreements by refusing to pay severance and refusing to pay the amounts intended to cover the Plaintiffs' insurance premiums, in violation of Defendants' contractual obligations to Plaintiffs and/or in violation of ERISA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. The Plaintiffs Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, and Claude Edmonds, and other similarly situated members of the proposed class they seek to represent, had been employed by the Defendants, acting as a single employer, until their termination in late 2008 or early 2009.

6. The Plaintiffs bring this action on their own behalf and, pursuant to Sections 502(a)(1)(B) and 502(a)(3) of ERISA, and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated.

7. The Debtor-Defendants, Qimonda Richmond, LLC, Qimonda North America Corp., (hereinafter "Qimonda") are, upon information and belief, respectively a Delaware limited liability corporation and a Delaware Corporation that on or about February 20, 2009 (the "Petition Date") filed with the Court voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code"). Defendant Qimonda Severance Plan is, on information and belief, a welfare benefit plan maintained by Qimonda, with Qimonda acting as plan administrator.

## FACTUAL ALLEGATIONS

8. Qimonda employed in excess of 1,000 employees at its Virginia facilities.

9. Qimonda established a plan wherein employees who were terminated as part of a company layoff were eligible to receive severance in the amount of four weeks of base salary, plus one week of base salary for every year of service. In addition, employees were eligible to receive payment in an amount calculated to cover insurance premiums for the employee for a period of three months following termination of employment.

10. Defendants offered each of Plaintiffs a separation agreement, memorializing the terms of Qimonda's offer of severance and insurance premium coverage, and Plaintiffs each duly executed and returned the agreements to Qimonda.

11. Severance payments for Plaintiffs were due to be paid in early or mid-February 2009, but payment has not been made. Qimonda informed Plaintiffs, prior to filing bankruptcy,

-3-
PHIL1 829730-1

that such amounts will not be paid. Qimonda has further indicated that Plaintiffs' insurance premiums will not be paid.

## CLASS ALLEGATIONS

12. Plaintiffs Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, and Claude Edmonds, on behalf of themselves and the members of the Class, repeat and re-allege the allegations of the preceding paragraphs as though fully restated herein.

### A. DEFINITION OF THE CLASS

13. Plaintiffs Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, and Claude Edmonds, and the other similarly situated former employees constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

14. The Class is defined as all of those non-bargaining unit employees who were employed by Qimonda in its Virginia facilities, and who were terminated by layoff by Qimonda in late 2008 or early 2009, and who were offered severance and insurance premium coverage pursuant to the terms of a written separation agreement with Qimonda, and to whom the Defendants have since failed to provide severance payments as required under the terms of the written separation agreements.

### B. NUMEROSITY

15. The Class is so numerous as to render joinder of all members impracticable as there are over 600 former employees believed to be in the Class. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery.

### C. EXISTENCE AND PREDOMINANCE OF COMMON ISSUES

16. Common questions of law and fact are applicable to all members of the Class.

17. The common questions of law and fact arise from and concern the following facts and actions:

   a. all Class members are former employees of Qimonda, who were terminated via layoff in late 2008/early 2009 and who were eligible for severance under the Qimonda severance plan;

   b. all Class members were provided with written separation agreements, which provided that the Class members would receive severance equal to four weeks of base salary, plus one week of base salary for every year of service;

   c. all Class members were provided with written separation agreements, which also provided that the Class members would receive insurance coverage for a period of three months following termination of employment in the event the Class member was enrolled n a Qimonda medical benefit plan at the time of termination and subsequently enrolled in COBRA;

   d. the Defendants, as a single employer, have failed to honor the separation agreements by failing to pay the severance amounts and amounts necessary to cover insurance premiums provided in the agreements.

   e. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## D. TYPICALITY

18. Plaintiffs Cheryl Maxey, Lawrence D. Meyer Jacob Evans, and Claude Edmonds's claims are typical of the claims of other members of the Class. All such claims arise out of the Defendants' failure to honor the explicit terms of written separation agreements. Plaintiffs and other Class members have suffered a common injury arising out of the Defendants' common course of conduct as alleged herein.

## E. ADEQUATE REPRESENTATION

19. Plaintiffs Cheryl Maxey, Lawrence D. Meyer Jacob Evans, and Claude Edmonds will fairly and adequately protect and represent the interests of the Class and have no interest antagonistic to or in conflict with those of other Class members.

20. Plaintiffs Cheryl Maxey, Lawrence D. Meyer Jacob Evans, and Claude Edmonds have the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving employee rights and federal court litigation. Plaintiffs Cheryl Maxey, Lawrence D. Meyer Jacob Evans, and Claude Edmonds intend to prosecute this action vigorously for the benefit of the class.

## F. SUPERIORITY

21. A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all members of the Class is impractical. Furthermore, damages suffered by members of the Class may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to obtain relief. The interests of judicial economy favor adjudicating the claims of the Class on a classwide basis rather than an individual basis.

PHIL1 829730-1

### G.    RISKS OF INCONSISTENT OR VARYING ADJUDICATION

22. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members. Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former non-bargaining unit employees would be binding upon other Class members not party to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

23. Pursuant to Fed. R. Civ. P. 23(a), the Class meets all the requirements for class certification.

## STATEMENT OF CLAIMS
## FIRST CLAIM AGAINST DEFENDANTS
### (BREACH OF CONTRACT)

24. The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

25. In or around late 2008 or early 2009, Defendants laid off each of the Plaintiffs pursuant to a plant closing and/or mass layoff.

26. As part of the layoff, Plaintiffs were each offered severance pursuant to the terms of a separation agreement. Under the terms of the separation agreement, Plaintiffs were offered severance equal to four weeks of base salary, plus one week for every year of service. Plaintiffs were also offered insurance premium coverage for a period of three months following termination of employment. The offer of severance and insurance premium coverage was memorialized in the terms of a written separation agreement, which Plaintiffs duly executed and returned.

27. Payment of the lump sum severance payment was due to be made to Plaintiffs on or around February 13, 2009 and/or February 20, 2009. Defendants, however, failed or refused to make the payments as scheduled.

28. On or around February 12, 2009, Qimonda announced that the terms of the written separation agreements with Plaintiffs would not be honored, and that the contractually provided severance and insurance premium payments would not be made.

29. As a result of Defendants' breach of contract, Plaintiffs Cheryl Maxey, Lawrence D. Meyer Jacob Evans, and Claude Edmonds, as well as each of the Other Similarly Situated Employees, have been damaged in amounts equal to the sum of: (a) their respective lost severance; (b) the cost of insurance premiums for continuation of health and medical insurance benefits for a period of three months; and (c) interest for the time value of the lost payments and benefits.

## SECOND CLAIM AGAINST DEFENDANTS
## (VIOLATION OF ERISA)

30. The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

31. In or around late 2008 or early 2009, Defendants laid off each of the Plaintiffs pursuant to a plant closing and/or mass layoff.

32. As part of the layoff, Plaintiffs were each offered severance pursuant to the terms of a Qimonda severance plan. Under the terms of the severance plan, Plaintiffs were offered severance equal to four weeks of base salary plus one week for every year of service. Plaintiffs were also offered insurance premium coverage for a period of three months following

termination of employment. The offer of severance was memorialized in the terms of a written separation agreement, which Plaintiffs duly executed and returned.

33. On information and belief, Qimonda had established a policy and practice of providing severance to employees who are terminated by layoff, the terms of which are memorialized in the written separation agreements with Plaintiffs.

34. On information and belief, the Qimonda severance plan is a welfare benefit plan subject to the provisions of ERISA.

35. Payment of the lump sum severance payment was due to be made to Plaintiffs on or around February 13, 2009 and/or February 20, 2009. Defendants, however, failed or refused to make the payments as scheduled.

36. On or around February 12, 2009, Qimonda announced that the severance and insurance premium payments would not be made to Plaintiffs as required under the terms of the Qimonda Severance Plan, indicating that any further action to exhaust remedies would be futile.

37. The denial of benefits to Plaintiffs under the Qimonda Severance Plan is a violation of the terms of the Severance Plan, and is a violation of ERISA.

38. As a result of Defendants' violations of ERISA, Plaintiffs Cheryl Maxey, Lawrence D. Meyer Jacob Evans, and Claude Edmonds, as well as each of the Other Similarly Situated Employees, seek relief under Section 502(a)(1)(B) and/or 502(a)(3) of ERISA, and seek amounts equal to the sum of: (a) their respective lost severance; (b) their insurance premiums for continuation of health and medical insurance benefits for a period of three months, pursuant to COBRA; and (c) interest for the time value of the lost payments and benefits.

-9-

PHIL1 829730-1

WHEREFORE, Plaintiffs request the following relief:

A. Damages and/or equitable relief, including restitution, in favor of Plaintiffs Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, and Claude Edmonds, and each Other Similarly Situated Former Employees, equal to the sum of: (a) the amount of any unpaid severance; and (b) the amount necessary to cover insurance premiums for a period of three months;

B. Certification that Plaintiffs Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, and Claude Edmonds, and the Other Similarly Situated Former Employees constitute a single class and that the undersigned counsel be appointed as lead Class Counsel;

C. Interest as allowed by law on the amounts owed under the preceding paragraphs;

D. Reasonable attorneys' fees and the costs and disbursements incurred in prosecuting this action, as authorized by section 502(g) of ERISA, 29 U.S.C. § 1132(g)(1);

E. Such other and further relief as this Court may deem just and proper.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP

Dated: February 22, 2009

 /s/ Michael W. Yurkewicz
Richard M. Beck, Esquire (ID#3370)
Michael W. Yurkewicz (ID#4165)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189

and

Charles A. Ercole, Esquire
Gianna M. Karapelou, Esquire
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP
260 S. Broad Street
Philadelphia, PA 19102-5003
(215) 568-6060

*Counsel for the Plaintiffs*